THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **CARMEN DIAZ,**<br><br>      **Plaintiff,**<br><br> v.<br><br>**VINELAND POLICE DEPARTMENT, et al.,**<br><br>      **Defendants.** | Civil No. 24-283 (KMW/EAP) |

## AMENDED SCHEDULING ORDER

   This Amended Scheduling Order confirms the directives given to counsel at the status conference held pursuant to Federal Rule of Civil Procedure 16 on **November 12, 2024**; and the Court noting the following appearances: **Michael J. Mackler, Esquire**, appearing on behalf of Plaintiff; and **William F. Cook, Esquire**, appearing on behalf of Defendants; and for good cause shown;

   **IT IS** this **12th** day of **November 2024**, hereby **ORDERED**:

   1. **Fact Discovery.**  Pretrial factual discovery is extended to **February 14, 2025**.  All pretrial discovery shall be concluded by that date.  All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1), and the procedures set forth in this Order, prior to the expiration of pretrial factual discovery.

   2. **Depositions.** All depositions are to be conducted in accordance with the procedures set forth in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).  In addition, all depositions, including video depositions, shall comply with Federal Rule of Civil Procedure 30.

   3. **Discovery Applications.**  Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention.  *See* L. Civ. R. 37.1(a)(1).  Absent exigent circumstances, the Court expects parties to "meet and confer" in person, by telephone, or video conference before making a discovery application.  Any dispute not resolved shall be brought to the Court's attention by letter after counsel's good faith attempt to resolve the dispute has failed and shall set forth in detail the specific efforts made to resolve the dispute before contacting the Court.  No discovery motion shall be filed without prior leave of Court.  *See* L. Civ. R. 37.1(b).

      4.    **Expert Discovery.**  All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Plaintiff shall be served upon counsel for Defendants no later than **March 14, 2025**.  All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendants shall be served upon counsel for Plaintiff no later than **April 14, 2025**.  Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness.  No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.  Depositions of proposed expert witnesses shall be concluded by **May 14, 2025**.

      For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment.  However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

      The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to FED. R. EVID. 701 and *Teen-Ed v. Kimball International, Inc.*, 620 F.2d 399 (3d Cir. 1980).

      5.    **Dispositive Motions.**  Dispositive motions shall be filed with the Clerk of the Court no later than **June 13, 2025**.  Opposition to the motion should be served in a timely fashion.  Counsel are to follow Local Civil Rules 7.1, 7.2, 56.1 and 78.1, *Motion Practice (generally)*.  This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge.

      6.    The Court will conduct a telephone status conference on **January 14, 2025, at 11:00 a.m.**  Counsel shall dial **1-856-210-8988, access code 228759771#** to connect to the call.  At least three (3) days prior to the scheduled conference, the parties shall send the Court a letter identifying all discovery disputes, if any exist.  No issue will be addressed unless the parties have first conferred pursuant to Local Civil Rule 37.1(a) by speaking in person, by telephone, or by video conference.

      7.    Any application for an extension of time beyond the deadlines set herein shall be made prior to expiration of the period sought to be extended and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel consent to the application.  The scheduling deadlines set herein will not be extended unless good cause is shown.  All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER
MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

      s/Elizabeth A. Pascal  
      ELIZABETH A. PASCAL  
      United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.